(8 App. Div. 468)
PEOPLE ex rel. SEARS v. TOBEY.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

1. OFFICE AND OFFICER—CIVIL SERVICE LAWS—STATE OR CITY OFFICE.
The office of clerk of the police justice of the city of Syracuse was created by a local act providing for the government of the city. The clerk is appointed by the police justice of the city, whose office exists by virtue of the city charter, and his salary is fixed by the common council, and payable out of the city funds. *Held*, that the clerk is a city officer, as distinguished from a state officer; and therefore the mayor has power to place the office in the competitive class, as provided by Laws 1883, c. 354, § 8, as amended by Laws 1884, c. 410.

2. SAME—CONFIDENTIAL POSITION.
Laws 1885, c. 26 (Syracuse City Charter) § 58, requires the clerk of the police justice to file a bond conditioned for the faithful discharge of his duties, which are prescribed by sections 57, 59, 60. *Held*, that such clerk does not occupy a confidential position, so as to exempt him from the application of the civil service laws.

3. SAME—ACTION FOR REMOVAL—PLEADING.
The regulations governing the civil service of the city of Syracuse provide that applications for positions must state whether the applicant served in the army or navy of the United States in the Civil War, and that persons honorably discharged from such service shall be preferred for appointment. *Held*, that a complaint, by a person claiming to be entitled to an office as an honorably discharged soldier, to remove another person from such office, need not state that defendant was not an honorably discharged soldier or sailor.

Appeal from special term, Onondaga county.

Proceeding on the relation of William Sears to remove William R. Tobey from the office of clerk of police justice of the city of Syracuse. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

William S. Andrews, for appellant.
Theodore E. Hancock, for respondent.

FOLLETT, J. This action was begun February 19, 1896, pursuant to sections 1948 and 1949 of the Code of Civil Procedure, to recover a judgment, removing the defendant from the office of clerk of the police justice of the city of Syracuse, adjudging the relator entitled to such office, and to recover a fine of $2,000, imposed by section 1956 of the Code of Civil Procedure, for unlawfully holding an office. The defendant demurred, upon the ground that "the complaint does not state facts sufficient to constitute a cause of action." Section 57 of chapter 26 of the Laws of 1885 (charter of the city of Syracuse), as amended by chapter 336 of the Laws of 1895, provides:

"Sec. 57. The police justice of said city shall appoint a clerk, who shall receive an annual salary, to be fixed by the common council in their discretion, and not to exceed one thousand dollars, payable in monthly payments, and shall hold office at the pleasure of the police justice, and shall have power to take oaths and acknowledgments; to examine under oath the informant and prosecutor and any witnesses he may produce, and take their depositions in writing and cause the same to be subscribed by the parties making them, and to adjourn trial of proceedings in the absence of the

police justice. The police justice may issue warrants upon depositions taken by the clerk as herein prescribed."

Sections 58 and 59 of the charter describe the position of clerk of the police justice as an "office," and the clerk of the police justice is a public officer within the meaning of the statutes of this state. Section 9 of article 5 of the constitution of this state provides:

"Sec. 9. Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late civil war, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section."

Section 8 of chapter 354 of the Laws of 1883, as amended by chapter 410 of the Laws of 1884, provides:

"Sec. 8. The mayor of each city in this state is authorized and is hereby directed to prescribe such regulations for the admission of persons into the civil service of such city as may best promote the efficiency thereof and ascertain the fitness of candidates in respect to character, knowledge and ability for the branch of the service into which they seek to enter, and for this purpose he shall, from time to time, employ suitable persons to conduct such enquiries and make examinations, and shall prescribe their duties and establish regulations for the conduct of persons who may receive appointment in the said service. And the regulations so to be prescribed shall, among other things, provide and declare as in the second subdivision of the second section of this act is provided and declared in reference to regulations for admission to the civil service of the state."

The second subdivision of the second section referred to provides for open competitive examinations and for noncompetitive examinations. Pursuant to this section the mayor of the city of Syracuse, in January, 1895, classified the officers and employés of the city and placed the clerk of the police justice in the competitive class, which classification was, January 17, 1895, approved by the board of civil service commissioners of the state. In January, 1896, at a meeting of the civil service examiners of the city of Syracuse, William R. Tobey, the defendant, Michael McDermott, and William Sears, the relator, were examined as to their eligibility for the office of clerk of the police justice. Tobey's percentage was 95, and the percentage of Michael McDermott and William Sears was each 94½. January 23, 1896, the examiners certified in writing to the police justice that said three persons were eligible to the office of clerk, and that William Sears had presented official papers showing that he was an honorably discharged soldier of the United States in the late Civil War, having served from October 28, 1861, to June 28, 1865. January 27, 1896, the police justice refused to appoint the relator and appointed the defendant to the office, which he now holds.

Chapter 344 of the Laws of 1895 provides:

"In all examinations for positions where the compensation exceeds four dollars a day, such honorably discharged soldiers and sailors of the late Civil War shall be appointed without regard to their standing on any list from which such appointment or promotion shall be made, and shall be preferred for appointment to positions in the civil service of the state and

of the cities, counties, towns and villages affected by this act, and. the several acts hereby amended, over all other persons, though graded lower than others so examined and reported, provided their qualifications and fitness shall have been ascertained as provided under this act."

Under the provision of the statute and the section of the constitution above quoted, the relator was entitled to be appointed clerk of the police justice, provided the classification adopted by the mayor of the city of Syracuse was authorized by the statutes of this state.

The foregoing facts are alleged in the complaint. The defendant seeks to sustain his demurrer on three grounds: (1) That the office of clerk of the police justice is a state office instead of a city office, and that the mayor was without power to place it in the .competitive list; (2) that the office is a confidential one, and therefore could not be included in the competitive list; (3) that it is not alleged in the complaint that the defendant is not an honorably discharged soldier of the late Civil War.

The first question presented on this appeal is whether the clerk of the police justice is in the civil service of the state or in the civil service of the city of Syracuse, within the meaning of the section of the constitution above quoted, and chapter 354 of the Laws of 1883, —the civil service act,—and the acts amendatory thereof and supplementary thereto. Under the constitution and these statutes, the officers and employés embraced within their provisions are divided into two classes: (1) Those in the service of the state; (2) those in the service of the civil divisions of the state. Section 7 of the civil service act, as amended by chapter 681 of the Laws of 1894, provides:

"It shall be the duty of the said commission to certify to the comptroller the name of every officer, clerk or other person in the public service of the state, in either of said classes, appointed or employed therein in pursuance of law and of the rules and regulations made in pursuance of law, stating in each case the title or character of the office or employment, and the date of the commencement of service by virtue thereof; and, in like manner to certify to the comptroller, the name of each officer, clerk or other person in the public service of the state, in either of the said classes appointed or employed therein in violation of law or of the rules or regulations made in pursuance of law; and to certify to the comptroller, in like manner, every change occurring in any such office or employment forthwith, on the occurrence of the change. It shall be unlawful for the comptroller to draw his warrant for the payment of any salary or compensation to any officer, clerk or other person in the public service of the state, in either of said classes, who is not so certified as having been appointed or employed in pursuance of law and of the rules and regulations made in pursuance of law. * * * In each city of the state in which rules and regulations have been adopted under the provisions of this act, any officer of such city whose duty it is to sign or countersign warrants, shall not draw, sign or issue, or authorize the drawing, signing, or issuing, of any warrant on the treasurer or other disbursing officer of such city for the payment of salary to any person in its service whose appointment has not been made in pursuance of this act, and the rules in force thereunder."

The intent of the constitution and of the statutes—clearly expressed, it seems to me—is that persons appointed and serving under general laws relating to the government of the state, and who are paid out of the funds of the state, through the comptroller, are "in the civil service of the state," and that persons appointed under local statutes providing for the government of a civil division of the

state,—a city,—and who are paid out of the funds of the city, are in the civil service of the city in which they serve. The office in question exists by virtue of a local act providing for the government of the city of Syracuse. The office is to be filled by an appointment made by the police justice of that city. The office of police justice is created and exists by force of the charter of the city. The salary of the clerk is fixed by the common council of the city and is payable out of the funds thereof, and it follows that the clerk of the police justice is in the civil service of the city of Syracuse, and that the mayor of that city had power to provide that the office must be filled by a person certified as eligible thereto by the civil service examiners of that city.

Is the office of clerk of the police justice a confidential one? By section 58 of the charter the clerk is required to file a bond, with sureties, to be approved by the mayor of the city, and conditioned for the faithful discharge of the duties of his office, which are prescribed by sections 57, 59, and 60 of the charter. The police justice has no power to determine what he shall or shall not do, and the clerk is neither a confidential employé nor a deputy of the police justice, but is an independent officer whose duties are prescribed by statute.

Is it necessary that it should be alleged in the complaint that the defendant is not an honorably discharged soldier of the late Civil War? The regulations governing the civil service of the city of Syracuse are affixed to and form a part of the complaint in this action. Regulation 5 provides:

"Applications of competitors for positions included in schedule B [in which the clerk of the police justice is placed] must be addressed to the Secretary of the Municipal Service Examining Board, City Hall, Syracuse, and the applicant must state therein, on oath, and in his own handwriting: * * * (9) If in the military or naval service of the United States in the late war, give name of organization or vessel to which attached, date of enlistment or commission, position or rank, date and cause of discharge from the service, and any physical disability incurred in such service."

Subdivisions 1 and 2 of the twelfth regulation provide:

"(1) Whenever any officer having the power of appointment or to employment in any position in Schedule B shall so request, the board of examiners shall certify to him the names of three eligible persons who are graded highest on the proper register, indicating such of them, if any, as have been honorably discharged from the military or naval service of the United States in the late war.

"(2) From the three persons whose names are so certified, the officer shall make a selection to fill the vacant place, subject, however, to the provisions of law, giving preference to persons who have been honorably discharged from the military or naval service in the late war."

Regulation 22 provides:

"Persons who have been honorably discharged from service in the army or navy of the United States in the late war shall be preferred for appointments to positions in the public service over other persons of equal standing as ascertained under these regulations, and the persons thus preferred shall not be disqualified from holding any position in the civil service on account of his age, nor by reason of any physical disability, provided such disability does not render him incompetent to perform the duties of the position applied for."

Under these regulations, if the defendant claimed that he was entitled to a preference by reason of being a discharged soldier, it was his duty to make the claim in his application. The police justice was required to make the appointment from the list as certified, and to prefer the soldier over the other competitors, provided he was not incompetent to perform the duties of the office. It is alleged in the complaint that the examiners certified that William Sears presented official papers to said board, showing that he was an honorably discharged soldier of the late Civil War, having served in the first New York independent battery from October 28, 1861, to June 28, 1865. It is further alleged that the police justice refused to appoint the relator upon the ground that the civil service act did not apply to that office, and that the relator was not entitled to a preference as a soldier because the office was a confidential one, and excepted by the statute from the provisions of the act giving a preference to discharged soldiers. These facts being alleged in the complaint, showing that, as among the three persons whose names were on the eligible list, the relator was entitled to be selected therefrom, it is not necessary to allege a negative showing that for certain reasons the defendant was not entitled to the appointment. If the relator were entitled to the place, it follows that the defendant was not. In case a person had been appointed whose name was not on the eligible list, it would not be necessary to allege in a complaint, that the appointee did not possess the qualifications necessary to entitle him to be placed thereon. The police justice was bound to appoint the person shown by the eligible list to be entitled to the place over the others on that list.

None of the positions of the learned counsel for the appellant are sustainable, and the interlocutory judgment should be affirmed, with costs, but with leave to the defendant to withdraw his demurrer and answer upon the payment of costs. All concur.