PEOPLE ex rel. MASTERSON, Respondent, v. BOARD OF POLICE. Appellant. (Supreme Court, Appellate Division, First Department. March 12, 1897.) Proceeding on the relation of Eugene Masterson against the board of police, etc. T. Connoly, for appellant. L. J. Grant, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. MEAGHER, Appellant, v. MARTIN et al., Respondents. (Supreme Court, Appellate Division, First Department. April 9, 1897.) Proceeding on the relation of John J. Meagher against James J. Martin and others. L. J. Grant, for appellant. T. Connoly, for respondents. No opinion. Proceedings affirmed, with costs.

PEOPLE ex rel. PENNSYLVANIA COAL CO., Respondent, v. McGIFFERT et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 6, 1897.) Certiorari by the Pennsylvania Coal Company against James D. McGiffert, George Brown, Hiram Schoonmaker, and Samuel C. Kernahan, as assessors of the city of Newburgh, county of Orange, and Daniel J. Coutant, city clerk of said city, to review an assessment. C. L. Waring, for appellants. John A. Garver, for respondent.

PER CURIAM. In the diversity of the opinion evidence contained in this record as to the value of the relator's property, we think the estimate of Mr. John A. Bensel approximates most closely to the true value, as indicated by many facts concerning which there is no controversy. His valuation of the structures, aside from the land, is $252,000, to which should be added $10,000, representing the cost of supervising the construction. The proof justifies the conclusion that the land alone is worth $100,000, making a total of $362,000. To assess the relator in the same proportion as other taxpayers in Newburgh, 60 per cent. of this value should be taken as the subject of assessment; that is to say, $217,200. The judgment should be modified so as to reduce the relator's assessment from $315,000 to $217,200, instead of to $156,000; and as thus modified it should be affirmed, without costs.

PEOPLE ex rel. SEARS, Respondent, v. TOBEY, Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) No opinion. Judgment and order affirmed, with costs. See 40 N. Y. Supp. 577.

PEOPLE ex rel. SKELLIE et al. v. BOORMAN et al. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) No opinion. Held: (1) That Joseph Boorman, Job Skellie, and Byron H. Bradley were on the 13th and 17th days of March, 1896, the duly-elected and acting commissioners of license for the town of Mina, in the county of Chautauqua, state of New York, and composed the board of excise of said town. (2) That the authority conferred upon the said board of excise in relation to the subject-matter of the determination under review has not been pursued in the mode required by law in order to authorize the said

board of excise to make the determination which it did make in granting the license, and that said license was granted without authority and without jurisdiction in said board. (3) In making the determination the rule of law affecting the rights of the parties thereto has been violated, to the prejudice of the relators, in that the said board of excise of the town of Mina has never legally granted to Amos Haskins a legal license, and that the so-called license which was issued to him in form by the said board is illegal and void, and was issued without authority; and the same is hereby revoked, vacated, and set aside, and $50 costs and disbursements allowed to the relators against the defendants personally. See 43 N. Y. Supp. 1161.

PEOPLE ex rel. TIMME, Appellant, v. MARTIN et al., Respondents. (Supreme Court, Appellate Division, First Department. April 9, 1897.) Proceeding on the relation of Frederick Timme against James J. Martin. L. J. Grant, for appellant. T. Farley, for respondents. No opinion. Proceedings affirmed, with costs.

PEOPLE ex rel. VAN BEUREN, Appellant, v. BARKER et al., Respondents. (Supreme Court, Appellate Division, First Department. April 15, 1897.) Proceeding on the relation of Henry S. Van Beuren against Edward P. Barker and others. E. Mitchell, for appellant. J. M. Ward, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

PINCOFFS, Respondent, v. DOYLE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Peter A. Pincoffs against Michael Doyle and Albert S. Bigelow. No opinion. Judgment and order affirmed, with costs.

POOLER v. MANHATTAN RY. CO. (Supreme Court, Appellate Division, First Department. March 12, 1897.) Action by Margaret A. Pooler against the Manhattan Railway Company. No opinion. Motion granted, with $10 costs.

PRICE v. OHIO FALLS CAR CO. (Supreme Court, Appellate Division, First Department. October 16, 1896.) Action by William H. Price against the Ohio Falls Car Company. No opinion. Motion dismissed by default. See Price v. Ohio Falls Car Co., infra.

PRICE, Respondent, v. OHIO FALLS CAR CO., Appellant. (Supreme Court, Appellate Division, First Department. March 19, 1897.) Action by William H. Price against the Ohio Falls Car Company. William M. Safford, for appellant. Rush Taggart, for respondent.

PER CURIAM. As to the plaintiff's right to recover a broker's commission for the sale of the cars alleged to have been brought about by his procurement, there was a clear-cut question of fact; and the judge, in his charge,—in which every request submitted by the defendant was embodied, and to which no exception was taken,—clearly presented the subject to the jury. We do not think that the verdict was so